IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A.J. MORRIS, JR.;
GLENDA MORRIS;
A.J. MORRIS & ASSOCIATES, LLC,
    Plaintiffs,

vs.                                               Case No. 08-1315-JTM

ALLSTATE CORPORATION;
ALLSTATE INSURANCE COMPANY;
ALLSTATE FINANCIAL SERVICES, LLC;
JOSEPH CRICCHIO;
EDWARD GABRIELSEN;
WILLIAM WULLSCHLEGER,
    Defendants.

MEMORANDUM AND ORDER

This case comes before the court on plaintiffs' motion to remand. (Dkt. No. 18). Plaintiffs A.J. Morris, Glenda Morris and A.J. Morris & Associates, LLC, filed this action in state court against the following defendants: 1) Allstate Corporation; 2) Allstate Insurance Company; 3) Allstate Financial Services, LLC; 4) Joseph Cricchio; 5) Edward Gabrielsen; and 6) William Wullschleger. Plaintiffs' petition alleges various state claims arising from: 1) termination of the Agency Agreement between Allstate Insurance Company and the plaintiffs; 2) termination of the Securities Agreement between Allstate Financial Services and the plaintiffs; and 3) seizure of the plaintiffs' business. (Dkt. No. 1 Ex. B). No federal claims are asserted.

Plaintiffs were independent contractors operating an Allstate agency in Wichita, Kansas, pursuant to an Exclusive Agency Agreement and a Securities Agreement. Allstate terminated the agreements on July 3, 2007, alleging that the plaintiffs improperly allowed a non-registered support

staff employee to participate in the sale of securities. On July 3, 2007, Defendant Wullschleger, an agent and officer of Allstate, read aloud a letter of termination prior to Allstate's seizure of the plaintiffs' business.

Defendants removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendants acknowledge that William Wullschleger is a Kansas resident and citizen and therefore the parties are not completely diverse, as the statutes require. (Dkt. No. 1 at 4). Defendants contend that Wullschleger was fraudulently joined for the purpose of defeating diversity jurisdiction and his presence must be disregarded for purposes of subject matter jurisdiction. *See generally, Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (the right of removal cannot be defeated by a "fraudulent joinder of a resident having no real connection with the controversy.")

Fraudulent joinder exists if a plaintiff would be unable to establish a cause of action against the joined defendant in state court. *Cooper v. Zimmer Holdings, Inc.*, 320 F.Supp.2d 1154, 1157 (D.Kan. 2004). The removing defendant's burden of proving fraudulent joinder is not unlike the burden of proving any claim of fraud. *McLeod v. Cities Service Gas Company*, 233 F.2d 242, 246 (10th Cir. 1956).

A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. §1441(a). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c). There is a presumption against federal jurisdiction because federal courts are courts of limited jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). When removal is challenged, the burden rests with the removing party to prove jurisdiction exists. *Kansas Baptist Convention v. Mesa Operating Ltd.*, 703 F.Supp. 73 (D.Kan.1989). Diversity jurisdiction depends upon all parties to one side of the case having a different citizenship from all parties to the opposing side. *Id.*

The court's responsibility is to determine whether plaintiffs have any possibility of recovery against Wullschleger, viewing any disputed questions of fact and all ambiguities in the controlling law in favor of the plaintiffs, as the non-removing party. The defendants must show there is no possibility that plaintiffs would be able to establish a cause of action against the defendant in state court to defeat plaintiffs' motion to remand. *Cooper* at 1157; *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1-2 (10th Cir. April 14, 2000). "[A] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Montano* at *1-2. "Remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Id*. The court looks to the facts pled in the petition and the law of the State of Kansas to make this determination.

The petition alleges that Wullschleger is a Kansas resident, who was at all times acting in the scope of employment by Allstate and as an agent and officer of Allstate. (Dkt. 1, Ex. B at 3). Plaintiffs allege nine causes of action against Wullschleger: 1) negligent supervision; 2) negligent investigation; 3) breach of fiduciary duty; 4) negligent misrepresentation; 5) defamation; 6) breach of implied contract; 7) tortious interference with existing contractual relations and/or prospective business advantage or relationship; 8) fraud and 9) breach of contract. The defendants maintain that

the plaintiffs' pleadings fail to adequately allege any cause of action against Wullschleger, as each claim against him lacks one or more essential elements. (Dkt. No. 24 at 2).

The defendants contend that the plaintiffs' breach of contract cannot ultimately succeed since Wullschleger was not a party to the contract. The simple assertion that Wullschleger is not a party to the contract does not establish fraudulent joinder. The defendants' pleadings acknowledge Wullschleger is an employee and agent of Allstate. Kansas has recognized that officers and agents of a corporation may be held personally liable for the tortious acts of the corporation and any breach of contract in which they have willfully participated. *Kirk v. H.G.P. Corp.*, 208 Kan. 777, 779 (Kan. 1972); *McFeeters v. Renollet*, 210 Kan. 158, 161-62 (1972). The court is not satisfied that based on the facts pled in the petition and the law of the State of Kansas that there is no possibility that the plaintiffs would be able to establish a breach of contract claim against Wullschleger. The defendants assert that the plaintiffs' negligence claim based on the contract fails because Wullschleger: 1) was merely an agent of Allstate; 2) was not a party to the contract; and 3) is shielded from liability by the contract. Further, the defendants maintain that Kansas does not recognize negligent supervision in the context of employment terminations. The plaintiffs have pled claims outside the scope of employment terminations, therefore the court is not satisfied that there is no possibility that the plaintiffs would be able to establish a negligence claim based on the contract against Wullschleger.

Next, the defendants claim that negligent investigation is not actionable in Kansas. The defendants cite *Buckley v. Keeble Co.*, No. 97-3254, 1998 WL 314566 (10th Cir. May 29, 1998) in support of their assertion. However, *Buckely* is not dispositive: 1) it is an unpublished decision; 2) it is a summary judgment decision; and 3) it is an employment discrimination case. The plaintiffs did not allege employment discrimination and there is no summary judgment motion before the

court. The court is not satisfied that based on the facts pled in the petition and the law of the State of Kansas that there is no possibility that the plaintiffs would be able to establish a negligent investigation claim against Wullschleger. Another argument the defendants propose is that Wullschleger owed no duty to the plaintiffs, but they fail to cite authority for this proposition. Kansas has recognized that agents of a corporation who violate a duty may be held personally liable for the violation. *Kirk v. H.G.P. Corp.*, 208 Kan. 777, 779 (Kan. 1972); *McFeeters v. Renollet*, 210 Kan. 158, 161-62 (1972). The court is not satisfied that based on the facts pled in the petition and the law of the State of Kansas that there is no possibility that the plaintiffs would be able to establish that Wullschleger owed and violated a duty.

Regarding the misrepresentation/fraud claims, the defendants maintain that the plaintiffs cannot show justified reliance because the contract required plaintiffs to be responsible for securities compliance and the contract could not be modified except in writing. The justified reliance assertion is a fact-specific argument and the court is not satisfied that there is no possibility that the plaintiffs would be able to establish a misrepresentation/fraud claim against Wullschleger. The defendants propose that the plaintiffs' defamation claims fail because the relevant communications are privileged or the pleadings are not specific enough. The defendants did not cite case law that supports that all the alleged communications were privileged. The defendants' lack of specificity argument fails because Kansas courts have held that the plaintiff is given the opportunity to amend the complaint to allege additional clarifying facts. *See Bushnell Corp. v. ITT Corp.*, 973 F.Supp. 1276, 1287 (D.Kan.1997)**.** The court is not satisfied that there is no possibility that the plaintiffs would be able to establish a defamation claim against Wullschleger.

5

In Kansas, both tortious interference with contract and prospective economic advantage are legally cognizable claims. *Turner v. Halliburton Co.*, 240 Kan. 1, 722 P.2d 1106 (1986). The defendants maintain the plaintiffs' tortious pleadings were defective because they did not allege that Wullschleger was acting in his individual capacity, for individual gain, or evil-mindedly. The plaintiffs' failure to allege this is procedural, not substantive, and they would be given the opportunity to amend the complaint. *See Bushnell Corp. v. ITT Corp.*, 973 F.Supp. 1276, 1287 (D.Kan.1997)**.** The plaintiffs allege that the proposed Amended Complaint (Dkt. No. 17) would cure any supposed defects in the pleading but they do not concede that there is a defect. The court is not satisfied that there is no possibility that the plaintiffs would be able to establish a tortious interference claim against Wullschleger. Regarding the failure-to-pay-commissions claim, the defendants argue that the payment of commissions is governed by the terms of the agency agreement, to which Wullschleger is not a party. The plaintiffs allege that Wullschleger promised they would be paid the commission due them and this had nothing to do with the agency agreement. The court is not satisfied that there is no possibility that the plaintiffs would be able to establish a failure to pay commission claim against Wullschleger.

The court finds that the defendants have not met their burden to show that plaintiffs will not be able to state any claim as a matter of law. Accordingly, the court cannot disregard the citizenship of Wullschleger for purposes of determining diversity jurisdiction. His non-diverse status requires a remand to state court.

IT IS ACCORDINGLY ORDERED this 30th day of June 2009, that plaintiffs' motion to remand (Dkt. No. 18) is granted and defendants' motion to dismiss (Dkt. No. 8) is denied as moot.

   s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE